**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1763
_____

JAMAR L. TRAVILLION,
Appellant

v.

JOHN E. WETZEL, in his official capacity as the Commonwealth of Pennsylvania's
Secretary of Corrections; OFFICER STOVER, in his individual capacity;
OFFICER LOSE, in his individual capacity; OFFICER BURNS, in his individual
capacity; OFFICER CRAWFORD, in his individual capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3:22-cv-01196)
Magistrate Judge:  Honorable Joseph F. Saporito, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2025
_____

Before:  PHIPPS, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Filed April 1, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHUNG, Circuit Judge.

Jamar Travillion argues that the District Court[1] erred in granting summary judgment to the defendants because his Complaint, prison grievances, and affidavit were competent summary judgment evidence establishing a genuine dispute of material fact. We will affirm.

I.    BACKGROUND[2]

Jamar Travillion is an inmate incarcerated in the custody of the Pennsylvania Department of Corrections. He alleges that Jayson Lose, a corrections officer, made racially derogatory comments to him and closed his foot in a prison cell door causing injuries to his foot and leg. He further alleges that Lose and Richard Burns, another corrections officer, denied his requests for medical care for his injuries. About eleven weeks later, corrections officers searched cells 401–450 in Travillion's housing unit, including Travillion's. This search was supervised by various prison officials, including Corrections Lieutenants Joshua Stover and Matthew Crawford. Travillion filed multiple grievances related to these actions, including one alleging that officers searching his cell destroyed his legal papers and other property in retaliation for his filing grievances and other civil rights actions.

Travillion then brought a three-count Complaint alleging violations of 42 U.S.C.

_____

[1]    The term "District Court" in this opinion refers to the Magistrate Judge, proceeding with the consent of the parties.

[2]    Because we write for the parties, we recite only the facts pertinent to our decision.

§§ 1981, 1983, and 1985 against Stover, Lose, Burns, Crawford, and other defendants not subject to this appeal. Count I alleged Lose violated the Eighth Amendment by assaulting Travillion with the cell door, Count II alleged Lose and Burns violated the Eighth Amendment through deliberate indifference to his need for medical treatment, and Count III alleged that multiple defendants conspired and retaliated against him for exercising his First Amendment rights, e.g., to file grievances.

The defendants moved for summary judgment. In support, they relied upon declarations by Stover, Lose, Burns, and Crawford and statements contained within Travillion's Complaint and prison grievances. Travillion opposed summary judgment relying upon, among other things, his affidavit, prison grievances, and Complaint. In his affidavit, he explains that, immediately before searching his cell, the search team met in the shower area and Travillion observed Stover and Crawford there. The affidavit further states that another inmate, Sam Patterson, informed Travillion that Patterson was close to the shower area and heard an unidentified officer tell another unidentified officer to damage Travillion's legal papers.

The District Court granted summary judgment on all counts. In doing so, the District Court held that, while the defendants could rely upon some of Travillion's statements within his Complaint and prison grievances as admissions, Travillion could not rely upon his other statements within these documents. Travillion timely appealed.

II.   DISCUSSION[3]

---

[3]   The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district

3

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

The nonmoving party may rely on hearsay in opposing a motion for summary judgment if that party explains how it can be produced in an admissible form at trial. See Fraternal Ord. of Police, Lodge 1 v. City of Camden, 842 F.3d 231, 238–39 (3d Cir. 2016); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). However, unsworn statements "not given under the penalty of perjury" are generally "insufficient to create an issue of fact on summary judgment." United States ex rel. Doe v. Heart Sol., PC, 923 F.3d 308, 315 (3d Cir. 2019); see also Adickes v. S. H. Kress & Co., 398 U.S. 144, 158 n.17 (1970); Woloszyn v. County of Lawrence, 396 F.3d 314, 323 (3d Cir. 2005).

A. The District Court Properly Held that Travillion's Complaint and Prison Grievances Were Not Competent Summary Judgment Evidence

court's decisions to admit or exclude evidence for abuse of discretion, although our review is plenary as to the interpretation or application of a legal standard underlying such a decision." In re Flat Glass Antitrust Litig., 385 F.3d 350, 372 (3d Cir. 2004) (internal quotation marks and brackets omitted). Our review of the District Court's summary-judgment decision itself is plenary. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017).

Travillion argues that the District Court erred in declining to consider the allegations in his Complaint as competent summary judgment evidence. Travillion does not argue, though, that his Complaint was verified or that the defendants admitted to the allegations therein. When allegations in an unverified complaint have not been admitted in the relevant defendant's answer, they are not "sufficient to raise a fact issue … to defeat summary judgment." Tripoli Co. v. Wella Corp., 425 F.2d 932, 935 (3d Cir. 1970); see also Celotex Corp., 477 U.S. at 325. Therefore, the District Court properly held that the Complaint was not competent summary judgment evidence.

Travillion also argues that the District Court erred in failing to consider his own statements as set forth in prison grievances. The statements made within the prison grievances were also incompetent summary judgment evidence because the grievances were unsworn and not made under penalty of perjury. United States ex rel. Doe, 923 F.3d at 315. Travillion argues that his grievances need not have been sworn or made under penalty of perjury because they are "documents" or "other materials" as set forth in Rule 56. Travillion Reply Br. 2; see Fed. R. Civ. Proc. 56(c)(1)(A) (competent evidence at summary judgment includes, among other things, "affidavits or declarations," "documents," or "other materials"). That language must be understood, though, in light of our ample caselaw holding that unsworn statements not made under penalty of perjury are not competent summary judgment evidence. See, e.g., United States ex rel. Doe, 923 F.3d at 315; Woloszyn, 396 F.3d at 323; Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1989) (holding that an expert witness report was not competent summary judgment evidence because it was unsworn). Thus, while prison grievances themselves may be

considered on summary judgment as "documents," the statements contained therein are not competent evidence if they are unsworn and not made under penalty of perjury. Travillion's alternative approach would undermine this caselaw by allowing the consideration of any unsworn statement simply by recharacterizing it as a document.[4]

Here, Travillion did not offer the prison grievances as proof, for example, that he had filed a grievance. Instead, Travillion offered the prison grievances as one would use an affidavit or declaration—for the truth of the matters stated therein. Under our caselaw, the statements in the grievances are only competent evidence if, like affidavits or declarations, they are sworn or made under penalty of perjury. The District Court therefore properly concluded that Travillion's prison grievances were insufficient to create an issue of fact for summary judgment purposes.

The District Court permitted the defendants to support their motion for summary judgment with some statements made by Travillion in his Complaint and grievances because it held that such statements constituted admissions. See Fed. R. Civ. P. 56(c)(1)(A); Fed. R. Evid. 801(d)(2). Travillion does not challenge this determination.

---

[4] A similar problem with Travillion's argument is apparent from the text of Rule 56 itself. Rule 56(c)(1)(A) allows parties seeking or opposing summary judgment to support their claims by citing to, among other things, "affidavits or declarations," "documents," or "other materials." Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(4) then sets out additional requirements for "[a]n affidavit or declaration." Id. at (c)(4). Under Travillion's reading of the Rule, anyone could claim that an affidavit or declaration that fails to meet the requirements of (c)(4) is still admissible for summary judgment purposes as a "document" or "other material." Id. 56(c)(1)(A). We reject this reading because we "avoid interpreting one part of a statute in a manner that renders another part superfluous." Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 210 (3d Cir. 2008).

Instead, he argues that once the defendants introduced such statements, he should have been permitted to rely on his other statements in those documents to oppose summary judgment.

Because the District Court's determination that the defendants could introduce some of Travillion's statements in his Complaint and grievances as admissions was not challenged on appeal, we assume that these statements were properly introduced and considered as admissions. While a party may offer as an admission the statement of an opponent contained in a document, the opponent may not offer their own remaining statements in the document as evidence unless such statements are necessary for completeness. Cf. United States v. Hoffecker, 530 F.3d 137, 192 (3d Cir. 2008) ("[Federal Rule of Evidence 106] does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." (internal quotation marks omitted)). Travillion does not argue that he should have been able to introduce any specific parts of his Complaint or grievances for completeness purposes.

> B. The District Court Erred in Rejecting Travillion's Affidavit on Hearsay Grounds, but We Will Affirm Because the Affidavit Does Not Show a Genuine Dispute of Material Fact

Travillion also submitted an affidavit containing the Patterson statement. The District Court did not consider Patterson's statement as competent summary judgment

7

evidence on the grounds that the evidence was inadmissible hearsay.[5]

"Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir. 2009). We have noted that hearsay is admissible at summary judgment, though, if the nonmoving party explains that it can be produced in an admissible form at trial. See Fraternal Ord. of Police, 842 F.3d at 238–39. Here, Travillion explained that Patterson's statement could be admissible at trial via testimony from Patterson himself. There is nothing in the record to suggest that Patterson would be unable to testify at trial, and the District Court made no finding regarding that issue. Additionally, unlike his prison grievances, Travillion's affidavit was provided under penalty of perjury.

The defendants argue that Patterson's statement is nonetheless inadmissible hearsay because, even if Patterson were to testify, Patterson's recounting of what he heard an unnamed officer say would also be hearsay. Hearsay is defined as a statement that is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The officer's utterance, "make sure you tear-up Travillion's lawyer" things, App. 215, is a command or an instruction to others to do something. Such instructions are not hearsay "because they are not declarations of fact and therefore are not capable of being true or false." United States v. Reilly, 33 F.3d 1396, 1410 (3d Cir. 1994).

---

[5] "Whether a statement is hearsay is a legal question subject to plenary review. If the district court correctly classifies a statement as hearsay, its application of the relevant hearsay exceptions is subject to review for abuse of discretion." United States v. Price, 458 F.3d 202, 205 (3d Cir. 2006) (citation omitted).

Because Patterson's statement could be admitted in the form of Patterson's own testimony, the District Court erred by declining to consider it on summary judgment.

This error does not require reversal, though. It is well established that "[w]e may affirm the District Court on any grounds supported by the record." Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000). Travillion's affidavit relates to his First Amendment retaliation claim.[6] Even assuming that a reasonable jury could conclude from the officer's instruction to damage Travillion's legal papers that his exercise of a constitutional right was a substantial or motivating factor in the search of his cell, Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), the defendants "may still prevail by proving that they would have made the same [search] decision absent the protected conduct for reasons reasonably related to a legitimate penological interest," id. at 334. Here the defendants have met this burden by pointing to uncontested facts that reveal that the search of Travillion's cell was part of a routine contraband search of the entire range of cells. Travillion attempts to rebut this by arguing that "[a] reasonable jury could conclude, in the light most favorable to Appellant, that the searches of the other cells

---

[6]    For a prisoner to prevail on a First Amendment retaliation claim against prison officials, he must show (1) "that the conduct which led to the alleged retaliation was constitutionally protected," (2) retaliatory action "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (internal quotation marks and brackets omitted).

    Patterson's statement also bears on Travillion's § 1985 conspiracy claim, but, for reasons discussed below, we will affirm the District Court's grant of summary judgment on that claim on other grounds.

9

were merely a pretext to find and destroy Appellant's legal and personal property. This is especially true where, as here, the searches of the other inmate's cells were very quick and Appellant's cell was torn apart." Travillion Opening Br. 18. However, Travillion points to no competent summary judgment evidence indicating that the search of his cell was more invasive than the other cell searches or that his property was destroyed. The evidence he cites for this either does not support his claim, or is a prison grievance which we have explained is incompetent summary judgment evidence of the facts alleged therein. He needs more than this. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor. Speculation and conclusory allegations do not satisfy this duty." Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999) (citations omitted). Because Travillion provides only '[s]peculation and conclusory allegations," id., the defendants' evidence is uncontested and establishes that they "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest," Rauser, 241 F.3d at 334. We will accordingly affirm the District Court's grant of summary judgment on Travillion's First Amendment retaliation claim.

C.    Travillion's Remaining Arguments Do Not Demonstrate Any Additional Errors

Travillion raises a few additional arguments. First, he argues that the District Court erred in treating the defendants' affidavits as true. Travillion did not present any

10

competent summary judgment evidence to contest the defendants' affidavits and the District Court did not err in treating those affidavits as true. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 272 (3d Cir. 2007) Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002). Second, Travillion argues that his medical records and the fact that he was sent for X-rays demonstrate that his "medical needs were serious and urgent." Travillion Opening Br. 16. Even taking this as true, it does not create a genuine dispute that the defendants withheld medical treatment from him despite believing such treatment was needed, a necessary component of a properly stated Eighth Amendment deliberate indifference claim. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); see Durmer v. O'Carroll, 991 F.2d 64, 69 n.13 (3d Cir. 1993). Third, Travillion argues that the District Court erred in requiring evidence of race-based or class-based animus for his § 1985 claim of conspiracy to retaliate against him for his filing of grievances. He does not contest the District Court's characterization of his claim as a § 1985(3) claim, though, and the District Court correctly held that such claims must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis removed) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

III.    CONCLUSION

For the foregoing reasons, we will affirm.

11